UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

James Millett,                    :
            Plaintiff,            :
                                  :
      v.                          :      File No. 2:04-CV-315
                                  :
Correctional Medical              :
Services, Vermont                 :
Department of Corrections,        :
            Defendants.           :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Papers 4, 11 and 12)

Plaintiff James Millett, a Vermont inmate proceeding *pro se*, has filed this action pursuant to 42 U.S.C. § 1983 claiming that the defendants have failed to provide him with adequate medical care.  Millett has moved for a preliminary injunction (Paper 4), has asked the Court to appoint counsel (Paper 11), and seeks an extension of time for discovery (Paper 12).  The defendants have opposed the motion, and have submitted copies of medical records from a physician who has treated Millett.  (Paper 5).  For the reasons set forth below, I recommend that Millett's motion for a preliminary injunction (Paper 4) be DENIED.  I also deny his motions for appointment of counsel (Paper 11) and for an extension of time for discovery (Paper 12).

Background

On November 17, 2004, Millett initiated this action by filing a "memorandum of law in support of motion for a TRO and preliminary injunction." (Paper 4). The Court has construed Millett's filing as both a complaint and a motion. (Paper 3). In his filing, Millett claims that he was shot and that the bullet is still imbedded in his body. He alleges that he is being denied proper medical care, and specifically that the bullet has not been removed, no physical therapy has been provided, and that he has not met with a physician "qualified to asses [sic] and treat his condition." Millett further claims that he suffers "continued pain, stiffness, and limitted [sic] movement in his legs and cannot walk properly." (Paper 4 at 1).

The defendants have opposed Millett's motion. (Paper 5). In their opposition, the defendants explain that Millett was shot in the left buttock while trying to run over a State Trooper with his vehicle. After the incident, Millett reportedly had surgery at Dartmouth Hitchcock Medical Center for damage to his left femur. The defendants have submitted to the Court medical notes

from Dr. Kenneth Koval at Dartmouth Hitchcock.  The
notes, dated September 27, 2004, state that Millett was
"now over three months status post surgery.  His main
complaint is some knee stiffness as well as the bullet is
still preset [sic] in his left buttock area."  Dr. Koval
also observed that Millet was "lacking about 5-10 degrees
of full left knee/elbow extension," and that x-rays
showed "that the fractures are healing in the adequate
position."  (Paper 5 at 7).

     Dr. Koval further reports that he instructed Millett
"on stretching exercises to the left knee.  It was
suggested to his prison that he get some physical
therapy, do gait training, and range of motion.  The
possibility of the bullet being removed was discussed.
He will follow-up in one month with x-rays.  He will
weightbear as tolerated."  Id.  The complaint in this
case was filed approximately two months after the date of
Dr. Koval's notes.  (Paper 4).  Neither party has
provided any additional evidence of Millett's condition
since the filing of the complaint.

<u>Discussion</u>

I.  <u>Preliminary Injunction Standard</u>

In this Circuit, a preliminary injunction will be granted if the moving party shows that he will suffer irreparable harm absent injunctive relief and either (1) that he is likely to succeed on the merits of his claim; or (2) that there are sufficiently serious questions going to the merits to make them fair grounds for litigation, and that the balance of hardships tips decidedly in favor of the moving party.  See <u>Wright v. Giuliani</u>, 230 F.3d 543, 547 (2d Cir. 2000); <u>Fun-Damental Too, Ltd. v. Gemmy Industries Corp.</u>, 111 F.3d 993, 998-99 (2d Cir. 1997).  When the moving party seeks a mandatory injunction compelling someone to take an action, the preliminary injunction standard is higher, and the movant must make a "clear showing" that he is entitled to the relief requested.  <u>Phillip v. Fairfield University</u>, 118 F.3d 131, 133 (2d Cir. 1997).

If the plaintiff is a prisoner, there are additional considerations.  In passing the Prison Litigation Reform Act, 18 U.S.C. § 3626, <u>et</u> <u>seq.</u> ("PLRA"), Congress restricted the ability of a federal district court to

4

issue an injunction against prison officials with respect to prison conditions.

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2). While the PLRA does not change the standards for the issuance of a preliminary injunction, it defines in a restrictive manner the scope of relief that may be awarded. See Dodge v. County of Orange, 282 F. Supp. 2d 41, 86, 89 (S.D.N.Y. 2003), vacated on other grounds, 103 Fed. Appx. 688, 2004 WL 1567870 (2d Cir. 2004).[1]

II. Eighth Amendment Standard

---

[1] Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995).

In this case, Millett is seeking a mandatory injunction on the basis of his allegation that the defendants have violated his constitutional right to medical care.  Prisoners have a constitutional right, secured by the Eighth Amendment, to be free from cruel and unusual punishment.  Deliberate indifference to medical needs has been defined as cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).  The Second Circuit has held that "'the Eighth Amendment forbids not only deprivations of medical care that produce physical torture and lingering death, but also less serious denials which cause or perpetuate pain.'"  Brock v. Wright, 315 F.3d 158, 163 (2d Cir. 2003) (quoting Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977)).

To establish an Eighth Amendment violation, a plaintiff must show that the defendants were deliberately indifferent to his serious medical needs.  See Smith v. Carpenter, 316 F.3d 178, 183 (2d Cir. 2002).  There are two elements to a claim of deliberate indifference. First, the deprivation suffered must be objectively

serious such that "a condition of urgency, one that may produce death, degeneration, or extreme pain" exists. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotations and citations omitted).  The second requirement is that defendants acted with a culpable state of mind.  This subjective element requires the plaintiff to prove that a defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A showing of negligence by the defendants is not enough for a deliberate indifference claim.  See Estelle, 429 U.S. at 106 (stating that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").  Instead, the plaintiff must prove that the defendants acted with a state of mind "equivalent to criminal recklessness."  Hemmings v. Gorczyk, 134 F.3d 104, 109 (2d Cir. 1998) (internal quotations omitted).

III.  Injunctive Relief

     As stated above, the first requirement for preliminary injunctive relief is a showing of irreparable harm.  To demonstrate irreparable harm, Millett must show an "'injury that is neither remote nor speculative, but

actual and imminent and that cannot be remedied by an award of monetary damages.'" <u>Forest City Daly Housing, Inc. v. Town of North Hempstead</u>, 175 F.3d 144, 153 (2d Cir. 1999) (quoting <u>Rodriguez v. DeBuono</u>, 162 F.3d 56, 61 (2d Cir. 1998)).  In light of Dr. Koval's medical notes, the Court cannot conclude that Millett has made a sufficient showing of irreparable harm.  Although Millett claims that he is currently experiencing pain and movement limitations, he has offered no evidence of lasting harm.  His primary complaint appears to be the continued presence of the bullet in his leg.  Dr. Koval's notes, however, suggest no urgency with respect to the bullet, and note that Millett's leg was healing properly.  Dr. Koval also indicates that physical therapy and range of motion exercises will contribute to the healing process.  Indeed, there is nothing in the record, much less a "clear showing," to support a claim that Millett is suffering or will suffer irreparable harm as a result of the defendants' actions.

Furthermore, Millett has not submitted sufficient evidence for the Court to conclude that he is likely to succeed on the merits.  As set forth above, the standard

for showing a violation under the Eight Amendment is a demanding one.  Even if the Court were to accept Millett's claims that his current care is inadequate, he has failed to provide record support for his claim of deliberate indifference.  Specifically, there is little in the record to indicate that the defendants knew of and yet disregarded an excessive risk of serious harm, or that they acted recklessly.  Accordingly, and based solely upon the current record, the Court cannot conclude that Millett is likely to succeed on the merits of his claims.

Nor can the Court find that there are sufficiently serious questions going to the merits to make them fair grounds for litigation.  The evidence currently before the Court suggests that Millett is healing appropriately. Consequently, the facts may not support a finding of mere negligence, and certainly do not approach the more demanding standard for finding a constitutional violation.  On a more developed record, it may become clear that Millett has a claim for deliberate indifference arising out of the care he has been provided.  Such a record, however, is not currently

before the Court.  Consequently, I recommend that

Millett's motion for a preliminary injunction be DENIED.

IV.  <u>Motion for Appointment of Counsel</u>

Millett has also moved for the appointment of counsel.  When considering a motion for appointment of counsel, a Court must assess whether the plaintiff's claims are likely to be of substance.  <u>See</u> <u>Hendricks v. Coughlin</u>, 114 F.3d 390, 392 (2d Cir. 1997); <u>Cooper v. A. Sargent Co.</u>, 877 F.2d 170, 172 (2d Cir. 1986).  If the Court finds sufficient merit in the plaintiff's claims, it must also consider (1) his ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) Millett's ability to present the case; (4) the complexity of the legal issues; and (5) any other special reason in the case why appointment of counsel would be more likely to lead to a just determination.  <u>Hendricks</u>, 114 F.3d at 392.

As discussed above, it is difficult to determine from the current record whether Millett's claims are likely to be of substance.  In its current form, the record offers little support for a finding of an Eighth Amendment violation.  Furthermore, the issues in the case

11

do not appear to be either legally or factually complex.
The case presents a single legal question with respect to
the quality of Millett's medical care, and the facts
underlying this issue are limited to the injury arising
out of his gunshot wound.

     It is conceivable that Millett may require an
independent medical expert to review his treatment, and
the Court recognizes that locating and retaining such an
expert while incarcerated may prove a difficult task.
If, as the case progresses, it becomes apparent that
Millett is continuing to suffer and that counsel may need
to be retained to assist Millett in seeking out
additional medical attention and/or expertise, the Court
may reconsider its decision.  However, at the current
time there is no evidence before the Court showing that
Millett will be unable to properly present his claims.
Because Millett has failed to demonstrate that his claim
is likely to be of substance, and with no evidence of his
inability to properly present his claims, the motion for
appointment of counsel (Paper 11) is DENIED.

V.   Motion for Enlargement of Time

     Millett has also asked the Court to enlarge the time

for discovery.  To date, parties have failed to file a
stipulated discovery schedule as required by Local Rule
26.1(b) and this Court's prior Order (Paper 10).  There
is, therefore, no discovery deadline to enlarge.  For
this reason, the motion (Paper 12) is DENIED.

With respect to the discovery schedule issue,
Defendants' counsel has written to the Court and
explained that a proposed discovery schedule was sent to
Millett on March 30, 2005, but that as of April 29, 2005
there had been no response.  In light of the parties'
apparent inability to communicate, the defendants shall
submit their proposed discovery schedule to the Court
within 10 days of the date of this Order for review and,
if appropriate, approval.  Assuming that Millett already
has a copy of the proposed discovery schedule, he may
file his objections, if any, to that schedule within the
same period of 10 days from the date of this Order.

## Conclusion

For the reasons set forth above, I recommend that
Millett's motion for a preliminary injunction (Paper 4)
be DENIED.  I also DENY Millett's motions for appointment
of counsel (Paper 11) and enlargement of time for

discovery (Paper 12).

It is further ORDERED that the defendants shall submit their proposed discovery schedule, and Millett shall submit any objections to that proposed discovery schedule, to the Court within 10 days of the date of this Order.

Dated at Burlington, in the District of Vermont, this 6th day of May, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).